FILED
1/6/2021 4:03 PM
Brandy Robertson
County Clerk
Orange County, Texas

CAUSE NO. 24642

| | | |
|---|---|---|
| SARAH LITTLEFAIR | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| ALLSTATE INDEMNITY COMPANY | § | |
| Defendant | § | ORANGE COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW SARAH LITTLEFAIR, Plaintiff herein, and files this her Original Petition against ALLSTATE INDEMNITY COMPANY, hereinafter referred to as Defendant, and would respectfully show unto the court the following:

I.

This Petition is filed under TEXAS RULE OF CIVIL PROCEDURE 169, Expedited Actions. Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190, Plaintiff intends to conduct discovery in this case under Level 1 of the Expedited Discovery Control Plan. At the time of filing this lawsuit, Plaintiff seeks monetary relief "of $250,000 or less, excluding damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees," in accordance with TRCP paragraph (c) (1) of R. 47. The damages sought are within the jurisdictional limits of this Court. Plaintiff reserves the right to amend this petition, including this provision, as the case continues.

II.

Rule 194 of the Texas Rules of Civil Procedure, Defendants are required to disclose the information and material described in Rule 194.2 within thirty (30) days of the filing of an

answer. All other Rule 194 required disclosure deadlines shall be provided in accordance with the Texas Rules of Civil Procedure.

### III.

Plaintiff, SARAH LITTLEFAIR, an individual, is a resident of Orange County, Texas.

Defendant, ALLSTATE INDEMNITY COMPANY is an insurance company somehow in good standing with the Texas Department of Insurance, which underwrites and sells policies of auto insurance in the State of Texas. Defendant ALLSTATE INDEMNITY COMPANY shall be served with citation herein by serving its Registered Agent C T Corporation System; 1999 Bryan St., Suite 900; Dallas TX 75201-3136.

### IV.

Venue is proper in Orange County, Texas, under Texas Civil Practice & Remedies Code, Section 15.002 because Orange County is the county wherein all or a substantial part of the acts or omissions occurred.

### V.

All conditions precedent have been met or occurred.

### VI.

Plaintiff brings this suit to recover damages for personal injuries sustained as a result of a collision in Galveston, Galveston County, Texas, on or about September 7, 2019. Said collision was proximately caused by the negligence of Alicia Beth Weaver.

Ms. Littlefair was travelling East on Hwy. 87 at approximately 55-60 miles per hour and Ms. Alicia Beth Weaver was travelling West on Hwy. 87. Without warning, Ms. Weaver attempted a left turn in front of Ms. Littlefair, causing Ms. Littlefair to hit Ms. Weaver head-on, deploying multiple airbags. Ms. Weaver made a left turn when it was unsafe due to inattention.

According to the accident report, Ms. Weaver's unsafe turn was the cause of the collision made the basis of this claim.

Plaintiff, SARAH LITTLEFAIR was operating a motor vehicle, and at all times material to this cause of action, exercising reasonable care for the safety of herself. Plaintiff, SARAH LITTLEFAIR has suffered severe personal injuries and damages as a direct and proximate result of Alicia Beth Weaver's negligence.

### VII.

Plaintiff would show that at the time of the occurrence, Plaintiff's damages exceeded the limits of Alicia Beth Weaver's liability.

### VIII.

Plaintiff would show that at all times material hereto, Alicia Beth Weaver committed various acts and omissions, each of which constitutes negligence and was a proximate cause of the occurrence, damages and injuries complained herein. Said acts and omissions of negligence include, but are by no means limited to the following:

Alicia Beth Weaver breached that duty of care in the following ways:

a. Failing to timely apply the brakes;

b. Failing to maintain a proper lookout;

c. Failing to turn the vehicle to avoid the collision;

d. Failing to yield the right of way to oncoming traffic;

e. Failing to take proper evasive action;

f. Failing to control speed to avoid a collision;

g. Causing a vehicle to strike another vehicle, which resulted in a collision causing injuries.

3

Plaintiff would show that any or all of said acts and omissions listed above, among others, constitute negligence at common law or as a matter of law, and any or all of which was a proximate cause of the occurrence, damages and injuries complied of herein.

### IX.

Since Alicia Beth Weaver's negligence was a proximate cause of the occurrence and she failed to maintain financial responsibility in a sufficient amount to pay all damages proximately caused by her negligence, Plaintiff is forced to file against her own underinsured motorist, as that term is defined by Plaintiff's uninsured/underinsured motorist coverage underwritten by Defendant, ALLSTATE INDEMNITY COMPANY.

Plaintiff, timely and properly made a claim with Defendant, ALLSTATE INDEMNITY COMPANY, for underinsured motorist benefits available to her and on the vehicle she was a driver of at the time of the occurrence, under the auto policy in question.

The policy of uninsured/underinsured motorist coverage underwritten by Defendant, ALLSTATE INDEMNITY COMPANY, was on named insured, SARAH LITTLEFAIR, Policy No. 638 336 651 in the amount of $50,000.00 per person, $100,000.00 per occurrence, for bodily injuries sustained as a result of a motor vehicle accident caused by a negligent underinsured driver. This policy was in full force and effect at the time of the occurrence, with all premiums due and owing having been paid.

In keeping with the insurance industry's penchant for taking advantage of policyholders and its abuse of the *Brainard* decision, Defendant, ALLSTATE INDEMNITY COMPANY, failed and refused to pay all personal injury damages sustained by the Plaintiff under the applicable policy of insurance. This conduct is classic bad faith on the part of the carrier.

Defendant ALLSTATE INDEMNITY COMPANY's conduct is classic delay, foot dragging, and avoidance.

Therefore, Plaintiff sues Defendant, ALLSTATE INDEMNITY COMPANY, herein for all damages and policy benefits to which she is entitled as a result of being involved in a motor vehicle collision proximately caused by the negligence of Alicia Beth Weaver.

## X.

In violation of Chapter 541 of the Texas Insurance Code, Defendant, ALLSTATE INDEMNITY COMPANY, has knowingly and intentionally engaged in unfair settlement practices with respect to this claim including, but not limited to, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

Further, Defendant violated Chapter 542 by requiring Plaintiff to institute this suit because of the inadequate offer it made to Plaintiff to settle this claim.

## XI.

As a direct and proximate result of the Defendant's negligence, Plaintiff suffered injuries and damages. Plaintiff seeks damages, past and future, for her reasonable and necessary medical care, physical pain and suffering, emotion anguish, physical disability, lost wages, and physical impairment. Furthermore, Plaintiff is entitled to the statutory penalties provided by the Texas Insurance Code for its action as outlined herein.

Said injuries have resulted in damages to Plaintiff, SARAH LITTLEFAIR, including the following:

    a.    Medical expenses in the past and future;

  b.  Pain and suffering in the past and future;

  c.  Mental anguish in the past and future;

  d.  Physical impairment in the past and future; and

  e.  Loss of earning capacity in the past and future.

Furthermore, Plaintiff is entitled to the statutory penalties provided by the Texas Insurance Code for its actions as outlined herein.

## XII.

WHEREFORE, Plaintiff respectfully requests that Defendant, ALLSTATE INDEMNITY COMPANY, be duly cited to appear and answer herein and that, upon final hearing hereof she have judgment against Defendant for her damages, prejudgment and post-judgment interest as allowed by law, costs of court, and for such other and further relief, general or special, at law or in equity, to which he may show just entitlement.

    Respectfully submitted,

    TOWNSEND LAW FIRM.
    218 Border Street
    Orange, TX 77630
    (409) 886-7200 Telephone
    (409) 886-7204 Facsimile
    townsend@rodneytownsendlaw.com

    *Rodney A. Townsend, Jr.*
    RODNEY A. TOWNSEND, JR.
    STATE BAR NO. 24028070
    ATTORNEY FOR PLAINTIFFS